**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Oscar Rodriguez Mandarin

Petitioner,

v.

Luis Rosa, Jr., et al.,

Respondents.

No. CV 26-02351 PHX SPL (CDB)

**REPORT AND RECOMMENDATION**
**A 204 453 100**

**TO THE HONORABLE STEVEN P. LOGAN:**

Petitioner Oscar Rodriguez Mandarin, proceeds pro se and is detained at the Florence Correctional Center.[1] Petitioner seeks relief pursuant to 28 U.S.C. § 2241.

**I. Background**

Petitioner, born in Mexico in 1996, entered the United States without inspection or admission on December 31, 2004, when he was eight years of age. (ECF No. 12-1 at 1). On November 1, 2012, Petitioner applied for Deferred Action for Childhood Arrivals ("DACA") status, which was granted January 22, 2013. (*Id.*). Petitioner renewed his DACA status several times, however his most recent DACA application was denied on November 14, 2023, after a conviction on a charge of DUI in municipal court in November of 2022, for which he was fined and sentenced to 10 days' incarceration. (ECF No. 12-1 at 2). On July 22, 2025, Petitioner was arrested on a charge of aggravated luring of a minor

[1] In his amended habeas petition Petitioner asserts he is being detained at the Central Arizona Florence Correctional Complex. (ECF No. 7 at 2). The United States Immigration and Customs Enforcement detainee locator website indicates Petitioner is currently detained at the Florence Correctional Center.

and pursuant to a plea agreement he was convicted on a reduced charge on November 20, 2025. (ECF No. 12-1 at 2).[2] Pursuant to a detainer lodged July 22, 2025, the Maricopa County Sheriff's Office ("MCSO") transferred custody of Petitioner to United States Immigration and Customs Enforcement ("ICE") on November 25, 2025, because Petitioner "was in the United States without lawful status." (ECF No. 12 at 2).

On November 23, 2025, Petitioner was served with a Notice to Appear ("NTA"). charging him as removable pursuant to 8 U.S.C. § 1182(A)(6)(A)(i), as an immigrant present in the country without having been admitted or paroled. (ECF No. 12-1 at 2-3). ICE also charged Petitioner as removable pursuant to 8 U.S.C. § 1182(A)(7)(A)(i)(I), as an immigrant who at the time of application for admission was not in possession of a valid entry document. (ECF No. 12-1 at 3). Petitioner conceded the charges of removability in the NTA and applied for relief from removal in the form of asylum, withholding of removal, and the Convention Against Torture. (ECF No. 12 at 2). On March 24, 2026, Petitioner's applications for relief from removal were denied and he was ordered removed to Mexico. (ECF No. 12-1 at 3). Respondents aver Petitioner appealed to the decision to the Board of Immigration Appeals ("BIA") on April 7, 2026, the appeal was rejected on April 13, 2026, for a filing error, and that Petitioner refiled his appeal on April 15, 2026. (*Id.*). The Executive Office of Immigration Review's Automated Case Information website (https://acis.eoir.justice.gov/en), searched under Petitioner's A number and country of birth, returns a finding of "Case information is unavailable."

In his amended § 2241 petition, filed April 17, 2026, Petitioner asserts he has been detained by Respondents since November 26, 2025, and that he was taken into custody without a warrant, hearing or notice. (ECF No. 7 at 7). Petitioner contends he was denied a bond hearing on December 3, 2025, and again on March 30, 2026, and he was told "he did not qualify." (*Id.*). Petitioner further asserts his conditions of confinement include "23 hour pod lock downs with 1 hour of yard/rec in 2 man cells, locked down several times

[2] The Maricopa County Superior Court docket in Case Number CR2025-129966-001 states that after this arrest Petitioner was released on bond. On October 22, 2025, Petitioner plead guilty to a reduced charge and on November 21, 2025, he was sentenced to a term of probation.

during the day and subpar medical and mental health providers and supplies." (ECF No. 7 at 8).

In response to Petitioner's claims for relief Respondents state:

> Respondents['] legal position is that because Petitioner entered the United States without admission inspection or parole, he is an applicant for admission within the meaning of 8 U.S.C. § 1225(a)(1) and is therefore mandatorily detained pursuant to 8 U.S.C. §1225(b)(2). However, Respondents are aware that this is a minority position and that this Court has tended to follow the reasoning in Judge Lanza's decision in *Echevarria*. To the extent this Court is inclined to do so here, Respondent's [sic] do not oppose providing Petitioner a section 1226(a) [hearing] and would ask for seven days to do so.

(ECF No. 12 at 2).

## II. Analysis

The vast majority of courts across the country—analyzing the language, structure, agency application, and legislative history of 8 U.S.C. §§ 1226 and 1225(b), have concluded that § 1225(b) (providing that a particular category of noncitizens whose removal proceedings are not final "shall" be detained pending the finality of those proceedings) does not apply to individuals, like Petitioner, who were arrested in the interior of the United States after having been present in the United States for some time. *See*, *e.g.*, *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 71-72 (2d Cir. 2026), *petition for cert. filed* (July 23, 2026) (No. 26-104); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-62 (7th Cir. 2025); *Bautista v. Santacruz*, 813 F. Supp. 3d 1075, 1077-78 (C.D. Cal.); *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025).

The Court has previously recognized in circumstances similar to this case that although the Ninth Circuit Court of Appeals' stay of the Central District of California's class certification and final judgment in *Bautista* are not enforceable "insofar as they extend beyond the Central District of California," the stay did not "affect the Court's independent determination that Petitioner is entitled to relief in the form of release or a bond hearing." *Vargas v. Credio*, No. 26-cv-02274-PHX-SPL, ECF No. 11 at 1-2 (D. Ariz. Apr. 8, 2026).

The majority of the federal district courts that have considered the issue, including a majority of the District of Arizona judges, and three federal Circuit Courts of Appeals, have continued to follow the reasoning of *Bautista v. Santacruz* and *Rodriguez v. Bostock* regarding the proper interpretation of 8 U.S.C. § 1225(b) as applied to noncitizens who entered the United States without inspection and have been residents of the United States for a period of years. As the Court held in *Vargas*, 8 U.S.C. § 1226, rather than § 1225, applies to individuals such as Petitioner who resided in the United States for a period of years and were taken into custody well within the border, as opposed to those arrested at the border at the time they sought entry into the United States. *Accord Lopez-Campos v. Raycraft*, 175 4th 713, 731-35 (6th Cir. 2026), *petition for cert. filed* (June 24, 2026) (No. 25-1415); *Hernandez Alvarez,* 175 F.4th at 1280-85 ("§ 1226 supplies the default rule of detention for an alien arrested and detained in the interior"); *Barbosa da Cunha*, 175 F.4th 61 *passim* (holding 8 U.S.C. § 1226(a) governed the petitioner's detention when the petitioner was arrested within the interior of the United States after living in the United States for over twenty years); *Castañon-Nava*, 161 F.4th at 1061 (holding that, generally, "ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b)"). *See also*, *e.g.*, *Perez v. Lyons*, 823 F. Supp. 3d 1102, 1110 (E.D. Cal. 2026) (collecting cases); *Dias Silva v. Moni*, 822 F. Supp. 3d 224, 226 (D. Mass. 2026) (noting the "many other courts across the country" that have followed *Rodriguez v. Bostock*); *Suarez-Lugo v. Bondi*, 819 F. Supp. 3d 653, 668-69 (S.D. Tex. 2026); *Elias v. Knight*, 817 F. Supp. 3d 970, 982-84 (D. Idaho 2025); *Requejo Roman v. Castro*, 816 F. Supp. 3d 1267, 1280 (D.N.M. 2026) ("The vast majority of federal courts who have examined this particular issue in recent months—including one circuit court—have rejected the Government's interpretation of sections 1225 and 1226," citing *Castañon-Nava*); *Mokara v. DeRosa*, No. 26-cv-01653, 2026 WL 1354780, at *4 (D. Ariz. Apr. 23, 2026), *report and recommendation adopted*, No. 26-cv-01653, 2026 WL 1352087 (D. Ariz. May 14, 2026); *Rodriguez v. Bondi*, No. 25-cv-03917, 2025 WL 4058331, at *2 n.2 (D. Ariz. Nov. 6, 2025) (collecting cases).

As the Court has previously concluded in *Vargas* in accordance with the vast majority of federal district courts to consider the issue and the Second, Sixth, Seventh, and Eleventh Circuit Courts of Appeals, Petitioner's detention is not pursuant to §1225(b) and is not mandatory.

**III. Conclusion**

Petitioner's detention without a bond hearing is unlawful because it is not mandated by statute. Petitioner is entitled to an individualized bond hearing, at which Respondents must justify his continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released. Notably, Respondents do not oppose providing Petitioner a bond hearing.

Accordingly,

**IT IS RECOMMENDED that** the petition for habeas relief pursuant to § 2241 (ECF No. 1) be **granted**, and the Court order that Respondents bring Petitioner before an immigration judge within fourteen (14) days for a bond hearing where the government must show that he is a flight risk or danger to the community. It is further recommended that Petitioner be given at least three days' notice of such hearing. If the Court orders a bond hearing, it is recommended the Court also order that the adjudicator prepare a written, explained decision, reflecting consideration of all evidence properly submitted by Petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), rather than checking boxes on a form.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Rule 72(b), Federal Rules of Civil Procedure, provides that the parties shall have fourteen (14) days from the date this Report and Recommendation is docketed to file specific written objections with the Court. However, given the length of time that Petitioner has been detained under an interpretation of the relevant statutes and that Respondents'

interpretation of the relevant statutes have been repeatedly been rejected by the federal courts,

**IT IS ORDERED that the parties shall have seven (7) days after being served with this Report and Recommendation to docket any objections**. Although this period is shorter than that provided by Rule 72(b)(2), the adjustment is warranted given that Respondents do not oppose the relief recommended herein.

Pursuant to Rule 7.2(e)(3) of the Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed ten (10) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 27th day of July, 2026.

Camille D. Bibles
United States Magistrate Judge